# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered) |
| YRC ENTERPRISE SERVICES, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BROWN & JOSEPH, LLC<br><br>　　　　　　　　　　Defendant. | Adversary Proceeding No. _____ |

## COMPLAINT

This adversary proceeding is brought by Plaintiff YRC Enterprise Services, Inc. ("Yellow"), as debtor and debtor-in-possession in the jointly administered chapter 11 cases of Yellow Corporation and its subsidiaries pending before the United States Bankruptcy Court for the District of Delaware. Yellow, by and through its undersigned counsel, states as its Complaint against Defendant Brown & Joseph, LLC ("Defendant" or "Brown & Joseph") the following:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

4899-6389-6960.2 96859.001

**INTRODUCTION**

1.     Brown & Joseph is a debt collection agency that contracted with Yellow to serve as Yellow's agent to collect receivables from third parties owed to Yellow. Under the partis' contract, Brown & Joseph earned a contingency fee based on dollars collected. Following Yellow's chapter 11 filing, Yellow has tried in vain to collect what it is owed from Brown & Joseph without any success. According to information provided by Brown & Joseph, it is currently holding at least $117,074.32 in funds owed to the Debtors' estates. There is no question that money is legally owed to Yellow. Despite Yellow's demand for payment of these withheld funds—which, upon the commencement of these chapter 11 cases, became property of the bankruptcy estate—Brown & Joseph has willfully refused to honor its obligations and withheld funds that are estate property. Yellow now brings this action to enforce its rights and secure the recovery of these funds.

**Nature of the Action**

2.     On August 6, 2023 (the "Petition Date"), Yellow Corporation and certain of its subsidiaries, including Yellow (collectively, the "Debtors"), each filed a voluntary petition in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). In the First Day Declaration,[2] the Debtors stated that they commenced these chapter 11 cases to pursue an orderly wind-down of their estates in order to maximize value and minimize the impact of the shutdown of the Debtors' business for all stakeholders.[3] As of the date of this filing, the Debtors have successfully sold a majority of their assets and paid off all their secured debt.

---

[2]   ECF No. 14, *Decl. of Matt Doheny, Chief Restructuring Officer of the Debtors, in Supp. of the Debtors' Chapter 11 Pets. and First Day Mots.* (filed August 7, 2023) (the "Doheny Decl.").

[3]   *See In re Yellow Corporation,* et al., Case No. 23-11069 (CTG) (Bankr. Del. Aug. 7, 2023), ECF No. 14.

3. In connection with the Debtors' chapter 11 cases, this adversary proceeding seeks a declaratory judgment for immediate turnover of estate property. In the alternative, Yellow asserts claims of breach of contract, account stated, and unjust enrichment, and seeks restitution as damages.

## Parties

4. YRC Enterprise Services, Inc. is a Delaware corporation with its principal place of business located at 10990 Roe Avenue, Overland Park, Kansas 66211.

5. On the Petition Date, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.[4]

6. The Debtors are debtors-in-possession in the above-captioned bankruptcy proceedings by virtue of filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code on the Petition Date.

7. Defendant Brown & Joseph, upon information and belief, is a Delaware limited liability company with its principal place of business located at One Pierce Place, Suite 700W, Itasca, IL 60143.

## Jurisdiction and Venue

8. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 7008-1 of the Local

---

[4] *See In re Yellow Corporation,* et al., Case No. 23-11069 (CTG) (Bankr. Del. Aug. 7, 2023), ECF No. 169.

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

9. This is a core proceeding under 28 U.S.C. § 157(b).

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408-09.

**FACTS**

11. Prior to the Petition Date, Yellow was a leading trucking and logistics company, boasting one of the largest less-than-truckload ("LTL") networks in North America.

12. This network enabled Yellow to provide customers with regional, national, and international shipping services of transportation logistics and LTL services.

13. In the ordinary course of its business, Yellow contracted with, and provided services to, numerous third party vendors, companies, and various service providers. As a result of these transactions in the ordinary course of business, these third party vendors, companies, and service providers incurred debts owed to Yellow. Certain of these debts remained unpaid and required Yellow to make efforts to collect these debts through various means.

14. Brown & Joseph, upon information and belief, is a debt collection agency.

15. Pursuant to a Collection Services Agreement dated July 25, 2019 (the "Agreement"), Brown & Joseph has acted as a third-party collection agent for Yellow to collect receivables owed to Yellow from third parties.

16. The parties performed pursuant to the Agreement in the ordinary course of their business, with Yellow submitting the relevant Collection Files (as defined in the Agreement) to

Brown & Joseph for the purpose of Brown & Joseph providing collection services for Yellow, and Brown & Joseph collected funds, deducted its earned contingency fees under the Agreement, and remitted remaining collected funds to Yellow.

17. According to information provided by Brown & Joseph, it is currently holding at least $117,074.32 in funds owed to the Debtors' estates following its collection efforts (the "Withheld Funds").

18. After commencing these chapter 11 cases, the Debtors contacted Brown & Joseph demanding payment of the Withheld Funds to Yellow.

19. On September 30, 2025, Yellow sent a letter to Brown & Joseph demanding payment for the $117,074.32 in outstanding accounts receivable and informing Brown & Joseph that Yellow intended to pursue legal action to recover the debt owed.

20. As of the date of this filing, Yellow has not received any response from Brown & Joseph, and Brown & Joseph continues to withhold payment.

21. Put simply, Brown & Joseph is required to pay Yellow pursuant to the Agreement.

22. Because Brown & Joseph has impermissibly withheld payment of valid amounts due to Yellow, Brown & Joseph currently owes not less than $117,074.32 to Yellow.

## CLAIMS FOR RELIEF

### COUNT I
### Turnover under 11 U.S.C. § 542(b)

23. Yellow realleges and incorporates the preceding paragraphs as if set forth fully herein.

24. Prior to the commencement of the bankruptcy case, pursuant to the Agreement, Yellow contracted with Brown & Joseph for collection services to collect debts owed to Yellow from third parties, which amount is the Withheld Funds that have not been remitted to Yellow.

25. Brown & Joseph's obligation to pay the Withheld Funds to Yellow for the services described above is fixed, presently due, and owing; no further act, event, or condition precedent is required to trigger Brown & Joseph's duty to pay such compensation.

26. The Withheld Funds collected by Brown & Joseph under the Agreement constitutes property of the Debtors' bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1) and is subject to administration by the estate for the benefit of creditors.

27. Upon information and belief, the Withheld Funds are in possession, custody, and control of Brown & Joseph.

28. The Withheld Funds are not of inconsequential value or benefit to the estate.

29. The Withheld Funds are not subject to any valid right of setoff under 11 U.S.C. § 553.

30. Brown & Joseph is thus required to compensate Yellow in the amount of not less than $117,074.32.

## COUNT II
### Breach of Contract

31. Yellow realleges and incorporates the preceding paragraphs as if set forth fully herein.

32. If this Court finds recovery under the turnover claim unwarranted, then Yellow claims breach of contract in the alternative.

33. In accordance with the Agreement, Yellow contracted with Brown & Joseph to collect debts owed to Yellow in exchange for a contingency fee. According to information provided by Brown & Joseph, it owes Yellow not less than $117,074.32 in Withheld Funds.

34. Brown & Joseph has a contractual obligation to remit the Withheld Funds to Yellow in connection with the Agreement.

35. Yellow properly demanded return of not less than $117,074.32 in Withheld Funds in accordance with the Agreement.

36. As of the date of this filing, the Withheld Funds are owed to Yellow under the terms of the Agreement.

37. Yellow has performed under the Agreement in all material respects.

38. Brown & Joseph's failure to remit the Withheld Funds is a material breach of the Agreement.

39. Yellow has been damaged by Brown & Joseph's breach and is entitled to damages to compensate Yellow for that breach.

40. As a result, Brown & Joseph owes Yellow an amount not less than $117,074.32.

41. In its capacity as the Debtors in Possession of the aforementioned chapter 11 cases, Yellow has an obligation under 11 U.S.C. §§ 704, 1107 to collect accounts receivable owed to the estate and, if the Withheld Funds remain unpaid, Yellow will continue to suffer from Brown & Joseph's breach because it will deprive the estate of additional value that could be distributed to unsecured creditors following the effective date of the Debtors' chapter 11 plan.

## COUNT III
### Account Stated

42. Yellow realleges and incorporates the preceding paragraphs as if set forth fully herein.

43. If this Court finds that an award of damages under the turnover or breach of contract claims unwarranted, then Yellow claims account stated in the alternative.

44. The parties' performance under the Agreement establishes a debtor-creditor relationship between Yellow and Brown & Joseph because Yellow provided Collection Files (as defined in the Agreement) to Brown & Joseph for purposes of collecting amounts due to Yellow

from third parties, and, as a result Brown & Joseph is obligated to remit the Withheld Funds collected from third parties to Yellow.

45. Brown & Joseph has not disputed the amounts demanded for the Withheld Funds.

46. Therefore, Brown & Joseph owes to Yellow an amount not less than $117,074.32.

## COUNT IV
## Unjust Enrichment

47. Yellow realleges and incorporates the preceding paragraphs as if set forth fully herein.

48. If this Court finds that an award of damages under the turnover, breach of contract, or account stated claims is unwarranted, then Yellow claims unjust enrichment in the alternative.

49. Yellow justifiably relied on Brown & Joseph that it would remit the Withheld Funds to Yellow after performing the collection services based on the Collection Files that Yellow provided to Brown & Joseph.

50. By providing the Collection Files to Brown & Joseph, Yellow conferred a benefit on Brown & Joseph that enabled Brown & Joseph to collect funds from third parties through the conduct of its business.

51. By accepting the Collection Files from Yellow, Brown & Joseph knew about the benefit it was accepting and its obligation to perform work on behalf of Yellow in collecting debts owed to Yellow. It would be an injustice to permit Brown & Joseph to retain the benefit of the collecting the Withheld Funds based on the information in the Collection Files without compensating Yellow.

52. As a result, Brown & Joseph owes Yellow an amount not less than $117,074.32

**Prayer for Relief**

WHEREFORE, Yellow respectfully requests that the Court enter judgment in favor of Yellow as follows:

(a) An order requiring immediate turnover of estate property held by Brown & Joseph in the amount of $117,074.32;

(b) In the alternative, awarding Yellow actual damages in the amount not less than $117,074.32 (plus reasonable interest as determined by this Court) to compensate it for any loss sustained;

(c) An award of reasonable attorneys' fees and costs incurred in this action; and

(d) Granting Yellow such other relief as the Court deems appropriate under the circumstances.

Wilmington, Delaware
Dated: December 16, 2025

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:    ljones@pszjlaw.com
          tcairns@pszjlaw.com
          pkeane@pszjlaw.com
          ecorma@pszjlaw.com

*Co-Counsel for the Debtors
and Debtors in Possession*