## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| YELLOW CORPORATION, LLC, *et al.*,[1] | ) | |
| | ) | Case No.: 23-11069 (CTG) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| YRC INC., | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. 25-52464 (CTG) |
| v. | ) | |
| | ) | |
| BROWN & JOSPEH, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

Defendant, Brown & Joseph, LLC ("Defendant"), by and through the undersigned counsel, responds to the Complaint as follows:

### INTRODUCTION

1. Admitted that Brown & Jospeh is a debt collection agency that contracted with Yellow ("the Debtor") to serve as Yellow's agent to collect receivables from third parties owed to Yellow, and Brown & Jospeh earned a contingency fee based on dollars collected. Defendant lacks sufficient knowledge, information or belief to respond to the remaining allegations of this paragraph.

### Nature of the Action

2. Admitted.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

3. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph.

## Parties

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

## Jurisdiction and Venue

8. Admitted.

9. Admitted.

10. Admitted.

FACTS

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph.

18. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph.

19. Admitted.

20. Denied.

21. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph.

22. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

## **CLAIMS FOR RELIEF**

### **COUNT I**
**Turnover under 11 U.S.C. §542(b)**

23. Defendant realleges and incorporates the preceding paragraphs as if set forth fully herein.

24. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

25. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

26. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

27. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

28. Defendant lacks sufficient knowledge, information or belief to respond to the

allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

29. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

30. Denied.

## COUNT II
### Breach of Contract

31. Defendant realleges and incorporates the preceding paragraphs as if set forth fully herein.

32. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

33. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

34. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

35. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

36. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment

of valid amounts due to Yellow.

37. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

38. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

39. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

40. Denied.

41. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

## COUNT II
### Account Stated

42. Defendant realleges and incorporates the preceding paragraphs as if set forth fully herein.

43. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

44. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

45. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph. Further, Defendant denies that it impermissibly withheld payment of valid amounts due to Yellow.

46. Denied.

## COUNT II
**Unjust Enrichment**

47. Defendant realleges and incorporates the preceding paragraphs as if set forth fully herein.

48. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph.

49. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph.

50. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph.

51. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph.

52. Defendant lacks sufficient knowledge, information or belief to respond to the allegations of this paragraph.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

53. Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, made applicable herein by Federal Rule of Bankruptcy Procedure 7012(b), the Complaint must be dismissed in that it fails to state a claim against Defendant upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

54. The Plaintiff is estopped from recovering on the Complaint because the

Defendant detrimentally relied on the Yellow's acts and practices.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

55. The funds that were transferred to the Defendant, if any, were not property of the estate pursuant to Section 541 of the Bankruptcy Code.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

56. Defendant was neither a direct nor an indirect creditor of the Debtor.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

57. Debtor acted in bad faith and/or had unclean hands; therefore, it would be inequitable for Plaintiff to recover on the Complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

58. The funds that were transferred to the Defendant were made in the ordinary course of business or made according to ordinary business terms pursuant to Section 547(c)(2) of the Bankruptcy Code.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

59. To the extent the Defendant received property of the Debtor, if any, those are not avoidable because the Defendant gave new value after such transfers pursuant to Section 547(c)(4) of the Bankruptcy Code.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

60. To the extent the Defendant received property of the Debtor, if any, those are not avoidable because the transfers constitute contemporaneous exchanges between the Debtor and the Defendant pursuant to Section 547(c)(1) of the Bankruptcy Code.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

61. The Plaintiff delayed unreasonably in asserting its claims, resulting in prejudice to

the Defendant. Therefore, the Plaintiff is barred from recovery pursuant to the doctrine of laches.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

62. The Plaintiff's claims are barred, in whole or part, by the Defendant's rights to setoff and recoupment.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

63. Defendant reserves the right to add such additional defenses as may appear from time to time from the proofs presented in this proceeding.


Dated: February 5, 2025

*/s/ Daniel C. Kerrick*
Daniel C. Kerrick, Esquire (#5027)
HOGAN♦MCDANIEL
1311 Delaware Avenue
Wilmington, DE 19806
(302) 656-7540
dckerrick@dkhogan.com

*Attorney for BROWN & JOSPEH, LLC*